### FREDERICK SHOCK v. LOUISA BIELER, EXRX.

EVIDENCE THAT ALL PURCHASES WITHIN SIX YEARS WERE FOR CASH, SHOWS NO RECOGNITION OF FORMER ACCOUNT.

In an action on a book account running for fourteen years, the defendant plead the statute of limitations, and offered to prove that he had paid for each article as received, for more than six years prior to bringing the action; which evidence the trial judge refused to admit: *Held*, that this was error. Such testimony was proper, as tending to show that neither party recognized the payments as being an admission of liability on the former account.

ERROR to the Court of Common Pleas of Hamilton county.

Cox, J.

The action below was founded on a book account for goods sold. The account, as presented, ran from July 5, 1873, to July, 1888, with credits at different times up to the 25th of June, 1887. The defendant claimed to have paid in full for every item in the account purchased after July 21, 1877, and plead the statute of limitations as to all purchases within six years of the time of the bringing of the action. At the trial, the defendant offered in evidence separate bills and receipts for each of the items in the account subsequent to July 21, 1887, and that his payments had been made to an authorized agent of the plaintiff. This evidence the trial judge refused to admit, and a verdict was returned against the defendant for $602.78, the balance on the whole account.

In this we think the court erred. The evidence was proper, inasmuch as it tended to prove that neither party recognized the payment as being an admission of the correctness of any former account, but that each payment made on a separate item as furnished, and as appropriated to the payment of that item, tended to show the contrary. It does not come within the principles of the case of Bogart v. Cox, 2 Ohio Circ. Dec., 551, for there it was held that it must appear that the payment was on account of a greater sum due from defendant to plaintiff on the prior account and as a part payment thereof.

Judgment reversed and cause remanded.

L. H. Pummill, for plaintiff in error.
Yaple, Moos & McCabe, for defendant in error.